UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:13-cr-89 |
| vs. | ) | |
| | ) | JUDGE MATTICE |
| GUY WILKERSON, JR. | ) | |

MEMORANDUM AND ORDER

GUY WILKERSON, JR. ("Supervised Releasee") appeared for an initial appearance before the undersigned on January 6, 2015 and January 9, 2015, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender Under Supervision ("Petition"). Those present for the hearing included:

(1)   An Assistant United States Attorney for the Government.
(2)   The Supervised Releasee.
(3)   Attorney Gianna Maio for defendant.

After being sworn in due form of law, the Supervised Releasee was informed or reminded of his privilege against self-incrimination accorded him under the 5th Amendment to the United States Constitution.

It was determined the Supervised Releasee wished to be represented by an attorney and he qualified for the appointment of an attorney to represent him at government expense. Federal Defender Services of Eastern Tennessee, Inc. was APPOINTED to represent the defendant. It was determined the Supervised Releasee had been provided with a copy of the Petition and the Warrant for Arrest and had the opportunity of reviewing those documents with his attorney.   It was also determined he was capable of being able to read and understand the copy of the aforesaid documents he had been provided

The Supervised Releasee asked for more time in which to prepare for his preliminary hearing and detention hearing. The Court rescheduled the preliminary hearing and detention hearing for Friday, January 9, 2015.

At the January 9, 2015, hearing, the government called USPO Shaquana Kennedy as a witness and moved that the defendant be detained pending the revocation hearing.

Findings

(1)   Based upon USPO Kennedy's testimony, the undersigned finds there is

1

probable cause to believe defendant has committed violations of his conditions of supervised release as alleged or set forth in the Petition.

(2) The defendant has not carried his burden under Rule 32.1(a)(6) of the Federal Rules of Criminal Procedure, that if released on bail he will not pose a danger to the community.

<u>Conclusions</u>

It is ORDERED:

(1) The motion of the government that the defendant be DETAINED WITHOUT BAIL pending the revocation hearing before U.S. District Judge Harry S. Mattice, Jr. is GRANTED.

(2) The U.S. Marshal shall transport Supervised Releasee to a revocation hearing before Judge Mattice on **Monday, February 2, 2015, at 9:00 am.**

ENTER.

S /William B. Mitchell Carter
UNITED STATES MAGISTRATE JUDGE

2